**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0619-22

ANTHONY DIMAURO,

     Plaintiff-Appellant,

v.

MONROE TOWNSHIP
PLANNING BOARD and
LIDL U.S. OPERATIONS,
LLC,

     Defendants-Respondents.

_____

Argued December 5, 2023 – Decided February 14, 2024

Before Judges Haas and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0673-21.

Jeffrey M. Brennan argued the cause for appellant (Baron & Brennan, PA, attorneys; Jeffrey M. Brennan, on the briefs).

Marla Marie DeMarcantonio argued the cause for respondent Monroe Township Planning Board (Holston, MacDonald, Uzdavinis, Myles &

DeMarcantonio, PC, attorneys; Marla Marie DeMarcantonio, on the brief).

Kristopher J. Berr argued the cause for respondent Lidl US Operations, LLC (Del Duca Lewis & Berr, LLC, attorneys; Damien Octavius Del Duca and Kristopher J. Berr, on the brief).

PER CURIAM

Plaintiff Anthony DiMauro appeals from the Law Division's October 3, 2022 order that dismissed with prejudice his amended complaint in lieu of prerogative writs and affirmed defendant Monroe Township Planning Board's ("Board") decision approving defendant Lidl US Operations, LLC's ("Lidl") application to develop a grocery store. We affirm.

On January 4, 2021, Lidl submitted an application to the Board for approval to develop a grocery store at the corner of Route 42 and East Lake Avenue in Monroe Township, known as Block 1101, Lot 11.01. The lot is owned by Monroe Lake, LLC and is situated in Monroe Township's C-Commercial Zoning District, which allows building and operation of a grocery store. Lidl's application sought preliminary and final major site plan approval to construct a grocery store with a parking lot, lighting, landscaping, and internal driver aisles; and to modify two existing stormwater basins. The application also sought minor subdivision approval to subdivide into two lots, allowing for

2

a division between the grocery store and an existing bank adjacent to the property. Lidl also sought bulk variances and design waivers from the requirements of Monroe Township's Comprehensive Land Management Ordinance ("LMO").

Plaintiff, who resides in Monroe Township and owns property near the lot, formally objected to the application.

On February 9, 2021, the Board's engineer, Kevin L. Snowden, issued two separate review letters addressing the site plan application's completeness and technical compliance. The engineer wrote: "These submittals have been reviewed for compliance with the submission requirements of the Monroe Township Land Management Ordinance. Upon review of the requirements set forth in the below mentioned sections of the ordinance, we recommend this application can be considered incomplete."

On February 22, 2021, Township Council of the Township of Monroe ("Council") adopted Ordinance O:03-2021, which replaced in its entirety the then existing LMO Section 175-140, titled "Stormwater Management." Ordinance O:03-2021 implemented new stormwater management rules promulgated by the New Jersey Department of Environmental Protection (NJDEP). The ordinance explained it was to "take effect twenty (20) days after

final passage and publication as required by law." However, the ordinance never became effective.

NJDEP regulations require that before any municipal stormwater control ordinance can take legal effect, the municipality "shall submit the adopted municipal stormwater management plan and ordinance(s) to the county review agency for approval. The adopted municipal stormwater management plan and ordinance(s) shall not take effect without approval by the county review agency." N.J.A.C. 7:8-4.3(b). Accordingly, on March 25, 2021, the Gloucester County Planning Board reviewed a copy of ordinance O:03-2021 and determined it was "not . . . in compliance with the State stormwater regulations." The Gloucester County Planning Board disapproved the ordinance and recommended Monroe Township amend and resubmit it for review. Because it was not approved by the Gloucester County Planning Board, Ordinance O:03-2021 never became effective and was repealed by the Council on November 22, 2021.

On March 25, 2021, the Board considered Lidl's application. Lidl did not submit revised plans or documents addressing ordinance O:03-2021. The Board deemed Lidl's application complete at the time it was submitted on January 4, 2021, unanimously approved the request to construct the grocery store and

subdivision, and also approved the bulk variances and design waivers. On April 22, 2021, the Board memorialized its approval in two resolutions, PB-18-2021 "A Resolution of the Planning Board of the Township of Monroe Memorializing a Minor Subdivision Approval for Lidl US Operations LLC, Block 1101, Lot 11.01" and PB-19-2021 "A Resolution of the Planning Board of the Township of Monroe Memorializing a Preliminary & Final Site Plan Approval."

In PB-18-2021, the Board concluded the proposed minor subdivision complied with all minor subdivision requirements and other standard specifications and requirements established by the Municipal Land Use Law ("MLUL"), N.J.S.A. 40:55D-70(d)(1). It also found the lot was suitable for the proposed application and the Lidl store would not have a deleterious effect on the neighborhood. In PB-19-2021, the Board concluded the major site plan complied with all major site plan requirements and other standards, specifications, and requirements established by the MLUL. It also found the lot was suitable for the proposed application and Lidl sustained its burden of proving the requested variances and waivers were justified and appropriate.

On June 11, 2021, plaintiff filed an action in lieu of prerogative writs challenging the approvals, contending the Board's actions were arbitrary, capricious, unreasonable and contrary to law. Lidl and the Board each filed

answers and separate defenses. During a case management conference on October 15, 2021, Lidl voluntarily sought a re-hearing to cure an alleged deficiency in the Board's virtual meeting procedures. The re-hearing was scheduled for January 13, 2022.

In the interim, on November 22, 2021, the Council adopted ordinances O:24-2021 and O:25-2021, which implemented the new stormwater rules promulgated by NJDEP. Again, as required by NJDEP regulations, Monroe Township submitted the ordinances to the Gloucester County Planning Board "to review and approve, conditionally approve . . . or disapprove the adopted municipal stormwater management plan and ordinance(s) within 60 calendar days of receipt of the plan and ordinance(s)." N.J.A.C. 7:8-4.4(c). If the Gloucester County Planning Board failed to "approve, conditionally approve, or disapprove the plan or ordinance(s) within 60 calendar days, the plan and ordinance(s) [would] be deemed approved." Ibid. The Gloucester County Planning Board did not issue a written response to the ordinances within sixty days and as a result, they were deemed approved and became effective on January 29, 2022.

On January 13, 2022, Lidl reintroduced the application and proposed development to the Board. Regarding site plan submissions, the Board deferred to Snowden, who explained:

> We have a letter dated February 9[], 2021. In it, we address some items that are open. But most of the items are small and don't have any real impact. The biggest one was the topo being not extended 200 feet beyond the property lines. I believe that's been waived before by the [B]oard. And all other items I think they can address in the future. And at this time, we recommend that the application be complete.

After hearing from both sides' witnesses, the Board unanimously approved the minor subdivision and approved the preliminary and final major site with bulk variances and waivers. The Board memorialized the approval of the minor subdivision in Resolution No. PB-18-2021 and approved the major site plan variances and waivers in Resolution No. PB-19-2021.

On March 9, 2022, plaintiff filed a first amended complaint in lieu of prerogative writs challenging the second series of approvals granted by the Board. Lidl and the Board each filed answers and separate defenses.

On October 3, 2022, the parties appeared before Assignment Judge Benjamin C. Telsey for trial. The court reviewed all evidence and testimony presented to the Board during the previous hearings. At trial, plaintiff relied heavily on CBS Outdoor, Inc. v. Borough of Lebanon Plan. Bd., 414 N.J. Super.

7

563 (App. Div. 2010) to support his contentions the Board purposely delayed the implementation of the ordinance. Judge Telsey considered the application of CBS Outdoor to this case and explained:

> I don't find . . . CBS to be applicable in this matter . . . There's, first of all, the underlying argument that there would have to be some delay on behalf of the Township, and I find that there was no . . . delay that would trigger even the analysis under the CBS case . . . And for those reasons I don't find that argument . . . to be compelling.

The trial court affirmed the determination of the Board, finding it "acted appropriately within [its] power and followed all the necessary procedural steps in order to conclude the hearing and re-hearing on the matter while considering all potentially relevant ordinances and information." The court further found there was "sufficient information as referenced throughout this decision that was before the Board" and that the Board "acted appropriately within [its] power and followed all the necessary procedural steps in order to conclude the hearing and re-hearing on the matter while considering all potentially relevant ordinances and information." The trial court also determined Lidl satisfied the factors necessary to seek bulk variances. Thus, the court dismissed plaintiff's complaint and affirmed the Board's approval of Lidl's application in its entirety. This appeal follows.

"[W]hen reviewing the decision of a trial court that has reviewed municipal action, we are bound by the same standards as was the trial court." Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004). Thus, our review of the Board's action is limited. See Bressman v. Gash, 131 N.J. 517, 529 (1993) (holding that appellate courts are bound by the same scope of review as the Law Division and should defer to the local land-use agency's broad discretion).

It is well-established "that a decision of a zoning board may be set aside only when it is 'arbitrary, capricious or unreasonable.'" Cell S. of N.J. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002) (quoting Medici v. BPR Co., 107 N.J. 1, 15 (1987)). "[P]ublic bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in their delegated discretion." Jock v. Zoning Bd. of Adjustment of Wall, 184 N.J. 562, 597 (2005). Therefore, "[t]he proper scope of judicial review is not to suggest a decision that may be better than the one made by the board, but to determine whether the board could reasonably have reached its decision on the record." Ibid.

Plaintiff raises the following arguments for our consideration:

> I. THE TRIAL COURT ERRED IN UPHOLDING THE APPROVALS GRANTED BY THE PLANNING BOARD TO LIDL BECAUSE LIDL SUBMITTED AN INCOMPLETE APPLICATION WHICH BECAME

9

SUBJECT TO THE NEW STORMWATER MANAGEMENT REGULATIONS UPON THEIR ADOPTION.

II. THE TRIAL COURT ERRED IN UPHOLDING THE APPROVALS GRANTED BY THE PLANNING BOARD TO LIDL BECAUSE EVEN IF LIDL'S APPLICATION WAS DEEMED COMPLETE PRIOR TO THE ADOPTION OF THE NEW STORMWATER MANAGEMENT REGULATIONS THEY NEVERTHELESS APPLIED UNDER THE "HEALTH AND PUBLIC SAFETY" EXCEPTION.

III. THE TRIAL COURT ERRED IN UPHOLDING THE APPROVALS GRANTED BY THE PLANNING BOARD TO LIDL BECAUSE MONROE TOWNSHIP'S UNEXPLAINED DILATORY CONDUCT IN ADOPTING THE NEW STORMWATER MANAGEMENT REGULATIONS DOES NOT PROVIDE A BASIS TO EXCUSE COMPLIANCE.

IV. THE DE NOVO STANDARD OF REVIEW APPLIES TO THE REVIEW OF BOTH THE PLANNING BOARD'S AND THE TRIAL COURT'S DETERMINATIONS OF LAW.

Having reviewed these contentions and the record in light of the applicable standards, we affirm.

Plaintiff first contends the trial court erred in upholding the approvals granted by the Board because Lidl submitted an incomplete application. We are unpersuaded by this argument. Zoning boards are subject to the "Time of

Application" (TOA) Rule. Dunbar Homes, Inc. v. Zoning Bd. of Adjustment of Twp. of Franklin, 233 N.J. 546, 560 (2018). The TOA Rule provides:

> Notwithstanding any provision of law to the contrary, those development regulations which are in effect on the date of submission of an application for development shall govern the review of that application for development and any decision made with regard to that application for development. Any provisions of an ordinance, except those relating to health and public safety, that are adopted subsequent to the date of submission of an application for development, shall not be applicable to that application for development.
>
> [N.J.S.A. 40:55D-10.5.]

The TOA Rule applies only when there is a complete application for development. Dunbar, 233 N.J. at 556. "An application for development is complete for purposes of commencing the applicable time period for action by a municipal agency, when so certified by the municipal agency or its authorized committee or designee." N.J.S.A. 40:55D-10.3. A municipal agency has forty-five days to act on the application and if no action is taken, the application shall be deemed complete. Ibid. "[I]n the event information required by local ordinance is not pertinent, the applicant may request a waiver as to that information or those documents it finds extraneous." Ibid.

> The applicant's submission will provisionally trigger the TOA Rule if a waiver request for one or more items accompanies all other required materials; if the Board

> grants the waiver, then the application will be deemed complete. If the Board denies the waiver, its decision will be subject to review under the customary "arbitrary and capricious or unreasonable" standard.
>
> [Dunbar, 233 N.J. at 563 (quoting Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015)).]

Here, Lidl's application contained a request to waive "any other variances, waivers and approvals that may be required." Although Snowden recommended the application be deemed incomplete, it is the Board's authority to make that determination. When the Board deemed Lidl's application complete as of its filing on January 4, 2021, it was afforded the protection of the TOA Rule. Because ordinances O:24-2021 and O:25-2021 were not in effect on that date, Lidl was not required to comply with them.

Plaintiff also argues Lidl's application nevertheless must comply with the new ordinances because of the health and public safety exception within the TOA Rule. This position is counter to the explicit language of NJDEP regulations. N.J.A.C. 7:8-1.6(b)(1) and (2) state that major development, such as Lidl's application here, "shall be subject to the stormwater management requirements in effect [on March 1, 2021], provided the application includes both the application form and all accompanying documents required by ordinance" was filed "prior to March 2, 2021." By regulation, because the Board

deemed the application complete upon its filing, it was subject to the ordinances in effect on March 1, 2021.

Lastly, we reject plaintiff's argument Monroe Township took "litigational" advantage under the "turn square corners" doctrine. F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 426-27 (1985). This doctrine prohibits government from "conduct[ing] itself so as to achieve or preserve any kind of bargaining or litigational advantage." New Concepts For Living, Inc. v. City of Hackensack, 376 N.J. Super. 394, 401 (App. Div. 2005) (quoting id. at 426). We agree with the trial court's finding that the record was devoid of any evidence suggesting Monroe Township purposely delayed adoption of the stormwater ordinances for "litigational" advantage in this matter.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0619-22